WAITE (CAMPBELL v.). See Case No. 2,-374.

## Case No. 17,046.

### WAITE v. TRIBLECOCK.

[5 Dill. 547;[1] 1 Cent. Law J. 570.]

Circuit Court, D. Iowa. May Term, 1874.[2]

REPLEVIN FOR PROMISSORY NOTE — EFFECT OF JUDGMENT—RES JUDICATA.

Judgment in an undefended action of replevin for a note in favor of the maker, which action was brought upon the ground that the note had been obtained by fraud, and in which only the banker having the note for the collection of interest thereon was made a defendant, was held, under the circumstances, not to bar the owner of the note (an indorsee thereof for value before maturity) from maintaining an action thereon against the maker.

The defendant [J. D. Triblecock] gave his negotiable note, secured by mortgage, for twenty per cent. of stock subscribed in the Great Western Insurance Company, of Chicago—that being the cash payment required by the company. This note and mortgage were sold and assigned by the company to the complainant [Charles B. Waite], a citizen of Illinois, before due, and, as the court decided, for value. The note was sent by the complainant to one Ellis, a banker in Iowa, for collection of interest. While in the possession of the banker for that purpose, the defendant brought an action of replevin in the state court against the banker as defendant, for the note, and, on the writ of replevin, obtained possession thereof. The ground of the replevin action was that, as the note had been obtained by fraud, the maker was entitled to its possession. The present complainant did not appear to the replevin action, nor was he made, nor did he make, himself a party to it. Judgment was given in the replevin action for the plaintiff therein. In the present bill to foreclose the mortgage, the defendant pleaded specially the judgment in the replevin action as a conclusive bar to the complainant's right to foreclose the mortgage.

Clark & Harbert, for complainant.
H. H. Trimble, for defendant.

Before DILLON, Circuit Judge, and LOVE, District Judge.

DILLON, Circuit Judge, in disposing of this question, said, in substance:

The special defence, that the plaintiff is concluded by the judgment in replevin in the state court, is not well founded in law. The pleadings in that case go upon the idea that the Great Western Insurance Company was the owner of the notes, and that the defendant therein, Ellis, was the agent of the company. The findings in the judgment of the state court as to Waite, the present complainant, are outside of the issues and void. Waite was the owner of the note, and the indorsement on the note so disclosed, and, if he was to be bound, should have been made a party to the replevin action. Besides, his claim of ownership to the notes was known to the plaintiff in replevin long before the cause was tried, and he refused to make Waite a party.

Ellis was in the interest of the plaintiff in that suit, and no defence in fact was made, and there was no trial on the merits as respects Waite, the real owner. Jones was employed as an attorney in the replevin suit by the insurance company, and not by Waite.

Whether the validity of the note could have been tried in an action of replevin in the manner sought, had the real owner been a party, need not be decided. The action of replevin is not one in rem, and to give jurisdiction over the person he must be a party. Ellis sustained no such relation to the note or to Waite as to make the judgment against him, which he did not defend for Waite, conclusive on him. It is res inter alios acta as to Waite.

Decree for plaintiff.

An appeal was prayed and allowed, and afterwards the decree was affirmed [unreported].